# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CR-12-109-001-F |
| | ) |
| JULIO CESAR LOPEZ-JACOBO, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Defendant Julio Cesar Lopez-Jacobo, proceeding *pro se*, has filed a motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines.[1] Doc. no. 91. Plaintiff United States of America has responded in opposition to the motion. Doc. no. 94. The matter is at issue.

On October 9, 2012, defendant pleaded guilty, pursuant to a plea agreement, to a two-count Superseding Information, charging in Count 1, a conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, and charging in Count 2, illegal re-entry to the United States, in violation of 8 U.S.C. § 1326(a). The Probation Office prepared a final presentence investigation report (doc. no. 70), which calculated defendant's base offense level for Count 1 at 36. Defendant received a four-level enhancement under U.S.S.G.[2] § 3B1.1(a) because

---

[1] Because defendant is proceeding *pro se*, the court construes his filings liberally, but it does not act as his advocate. Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

[2] United States Sentencing Guidelines.

defendant was an organizer or leader in the criminal activity, which involved multiple participants who acted as couriers, resulting in an adjusted offense level of 40. For Count 2, the Probation Office calculated a base offense level of 8, for a final adjusted offense level of 8. After the multiple count adjustment, the greater of the adjusted offense levels was used, resulting in a combined adjusted offense level of 40. Applying a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility, defendant's total offense level was 37.

Based on his lack of criminal history, defendant was assessed a criminal history score of zero, establishing a criminal history category of I. With a total offense level of 37 and a criminal history category of I, defendant's guideline imprisonment range was 210 months to 262 months.

At sentencing, the court adopted the final presentence investigation report without change. The court sentenced defendant to a term of imprisonment of 240 months as to each count to be served concurrently. Judgment was entered on March 26, 2013. Defendant did not file a direct appeal.

On October 20, 2015, the court entered an order granting defendant a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. Application of Amendment 782 resulted in an amended guideline range of 168 months to 210 months. The court sentenced defendant to a term of imprisonment of 192 months as to each count to be served concurrently.

In his motion, defendant asks the court to adjust his sentence based upon Amendment 821 (Part B, Subpart 1) to the United States Sentencing Guidelines, effective November 1, 2023, given that he received zero criminal history points.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Congress has provided a few exceptions to this

rule. One such exception is "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In such a case the court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission. *Id*.

The court follows a two-step process in considering defendant's § 3582(c)(2) motion. *See*, United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013). The court first determines whether defendant is eligible for a sentence reduction and the extent of the authorized reduction. If the reduction is authorized, the court may consider any applicable 18 U.S.C. § 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*. (quotation marks and citation omitted).

Upon review of the parties' submissions and the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 (doc. no. 92), the court finds that defendant is not eligible for a sentence reduction under Amendment 821 (Part B, Subpart 1).

To be eligible for the two-level adjustment as a zero-point offender, defendant must meet ten criteria. *See*, U.S.S.G. § 4C1.1(a). One of those criteria is that "defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. [§] 848[.]" U.S.S.G. § 4C1.1(a)(10); *see also*, United States v. Read-Forbes, Criminal Action No. 12-20099-01-KHV, 2024 WL 382638, at *1 (D. Kan. Feb. 1, 2024) (Section 4C1.1(a)(10) "properly read to exclude any defendant who *either* had [an] aggravating role enhancement or engaged in [a] continuing criminal enterprise[.]")

(citing <u>United States v. Castaneda Mendez</u>, Case No. 20-CR-20155-RAR, 2024 WL 216277, at *3 (S.D. Fla. Jan. 18, 2024)) (emphasis in original).

As previously stated, defendant received an aggravating role enhancement under U.S.S.G. § 3B1.1(a) for being an organizer or leader in the criminal activity. Consequently, defendant does not meet all ten criteria and is not eligible for a sentence reduction under Amendment 821 (Part B, Subpart 1).

Accordingly, for the above-stated reasons, defendant Julio Cesar Lopez-Jacobo's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 of the United States Sentencing Guidelines (doc. no. 91) is **DISMISSED**.

IT IS SO ORDERED this 30th day of April, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

12-0109p016.docx